UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT THOMAS HORST and
DAWN HORST,

    Plaintiffs,

vs.    CASE NO. 6-07-CV-612-ORL-19KRS

BREVARD COUNTY SHERIFF JACK PARKER,
in his official capacity,

    Defendant.

_____/

## VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, through undersigned Counsel, and file this Verified Complaint and state:

### COUNT 1. DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
### 42 U.S.C. § 1983

1. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, based on the civil rights violations alleged herein.

2. This action arises out of violations and injuries claimed to have occurred in the Middle District of Florida and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

3. Plaintiff Robert Thomas Horst is a United States citizen and was incarcerated in the Brevard County Jail as a pre-trial detainee during the past four years.

4. Plaintiff Dawn Horst has been continuously married to Mr. Horst since before his incarceration as a pretrial detainee in the Brevard County Jail.

5. Defendant Jack Parker is the Sheriff of Brevard County, and he is responsible for management and policy-making regarding relevant aspects of medical

care at the Jail. He is subject to suit under Florida and federal law, and is sued in his official capacity only.

6. On or about May 17, 2006, Mr. Horst was incarcerated in the Brevard County Jail (jail).

7. At the time of his booking, Mr. Horst informed jail personnel that he, Mr. Horst, suffered from serious, chronic, and painful medical conditions, including Reflex Sympathetic Dystrophy (RSD) and hypertension; and, Mr. Horst informed jail personnel that his medical conditions required that he take medications as prescribed by his physicians.

8. Despite repeated requests to jail personnel by Mr. Horst and his wife for Mr. Horst to be provided with his prescribed medications during the approximately seven days Mr. Horst was incarcerated at the jail, he was never given the medication the Sheriff knew Mr. Horst required, nor was Mr. Horst allowed to consult with a physician or physician assistant.

9. Despite protests to jail personnel by Mr. Horst that being forced to sleep on the cold cell floor would exacerbate his medical problems, the Sheriff required that Mr. Horst sleep on the cold cell floor of the cell.

10. The Sheriff required Mr. Horst to sleep on the floor of the cell because of jail overcrowding.

11. The jail overcrowding is, at all times relevant, in violation of a standing Order by this Court.

12. Because of the Sheriff's denial of medication, medical care, and/or adequate bedding for Mr. Horst, Mr. Horst's medical conditions were exacerbated, resulting in severe pain, tremors, hypothermia, debilitation, weight loss, stroke, and permanent disability.

13. At all times relevant, the Sheriff and jail personnel were acting under color of state law.

14. Mr. Horst has the right under the Fourth Amendment of the Constitution of the United States, as applied to the State of Florida by the Fourteenth Amendment, to be free of unreasonable seizure.

15. While acting under color of state law, the Sheriff violated Mr. Horst's right to be protected from unreasonable seizure by manifesting deliberate indifference to Mr. Horst's serious needs for medication, medical care, and/or adequate bedding.

16. The Sheriff's deliberate indifference to Mr. Horst's serious needs for medication, medical care, and/or adequate bedding is devoid of phenological or other legitimate merit.

17. The Sheriff's deliberate indifference to Mr. Horst's serious needs for medication, medical care, and/or adequate bedding is a wanton and unnecessary infliction of pain and other injury against Mr. Horst.

18. The Sheriff has denied medication, medical care, and/or adequate bedding to Mr. Horst with practices that are not reasonably related to legitimate phenological or other objectives.

19. Defendant's deliberate indifference to Mr. Horst's serious needs for medication, medical care, and/or adequate bedding exhibits a conscious and callous indifference to Mr. Horst's rights to be protected against unreasonable seizure.

20. The Sheriff's degree of disregard for Mr. Horst's rights to medication, medical care, and/or adequate bedding offend established standards of decency.

21. The Sheriff's denial of medication, medical care, and/or adequate bedding for Mr. Horst were due to the Sheriff's policy, custom, and/or practice to perpetrate,

condone, and perpetuate the violation of Mr. Horst's right to medication, medical care, and/or adequate bedding.

22. The Sheriff's denial of medication, medical care, and/or adequate bedding for Mr. Horst were due to the Sheriff's policy, custom, and/or practice of deliberate indifference to Mr. Horst's right to and need for medication, medical care, and/or adequate bedding.

23. The Sheriff is negligent in training its employees who participated in the violation of Mr. Horst's right to medication, medical care, and/or adequate bedding because the Sheriff failed to train its employees to handle recurring situations presenting an obvious potential for such violation.

24. In light of the duties of protecting people against denial of medication, medical care, and/or adequate bedding, the need for more or different training is and has been so obvious that the Sheriff is deliberately indifferent to the need for such training.

25. As a direct and proximate result of the Sheriff's deliberate and callous indifference to Mr. Horst's serious needs for medication, medical care, and/or adequate bedding, Mr. Horst has been grievously injured and has suffered damages, including severe physical pain and suffering, permanent disability, economic damages, severe mental anguish and emotional distress, loss of capacity to enjoy life and loss of dignity, costs, and attorney fees.

26. Mr. Horst demands all relief that is just and equitable, including compensatory damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

## COUNT 2. PROCEDURAL DUE PROCESS
## 42 U.S.C. § 1983.

27. Mr. Horst realleges Paragraphs 1 through 13, and states additionally or alternatively:

28. On or about May 19, 2006, Mrs. Horst attempted to post bond for Mr. Horst.

29. Jail personnel stated to Mrs. Horst that a warrant on another charge was outstanding against a man named Tom Hurst.

30. Jail personnel deliberately changed the spelling of Mr. Horst's last name and changed his Social Security number to that of Tom Hurst so Mr. Horst could not be freed on bond that day.

31. Because of the actions of jail personnel in changing Mr. Horst's name and Social Security number, Mr. Horst was delayed in being freed on bond until on or about May 26, 2006.

32. Under the Eighth Amendment of the United States Constitution, and as applied to the States by the Fourteenth Amendment, Mr. Horst has a constitutionally protected right to be free of any requirement of excessive bail.

33. The Sheriff violated Mr. Horst's Eighth Amendment right to be free of excessive bail by adding the bail required of Tom Hurst.

34. The Sheriff violated Mr. Horst's right to non-excessive bail because the Sheriff arbitrarily and capriciously manipulated and denied Mrs. Horst's attempt to post bail for Mr. Horst on May 19, 2006.

35. The Sheriff's requirement of excessive bail for Mr. Horst was due to the Sheriff's policy, custom, and/or practice to perpetrate, condone, and perpetuate the violation of Mr. Horst's right to non-excessive bail.

36. The Sheriff's requirement of excessive bail for Mr. Horst was due to the Sheriff's policy, custom, and/or practice of deliberate indifference to Mr. Horst's right to non-excessive bail.

37. The Sheriff is negligent in training its employees who participated in the violation of Mr. Horst's right to non-excessive bail because the Sheriff failed to train its employees to handle recurring situations presenting an obvious potential for such violation.

38. In light of the duties of protecting people against the requirements of excessive bail, the need for more or different training is and has been so obvious that the Sheriff is deliberately indifferent to the need for such training.

39. As a direct and proximate result of the Sheriff's deliberate and callous indifference to Mr. Horst's right to non-excessive bail, Mr. Horst has been grievously injured and has suffered damages, including severe physical pain and suffering, permanent disability, economic damages, severe mental anguish and emotional distress, loss of capacity to enjoy life, loss of liberty, loss of dignity, costs, and attorney fees.

40. Mr. Horst demands all relief that is just and equitable, including compensatory damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

### COUNT 3. NEGLIGENCE

41. Mr. Horst realleges Paragraphs 1 through 12 and 28 through 31; and, states additionally or alternatively:.

42. This Court has supplemental jurisdiction of the subject matter of this claim by virtue of 28 U.S.C. § 1367, as to all claims arising under the laws and Constitution of the State of Florida that are so related to the claims of which this Court has original jurisdiction and which form part of the same case or controversy. Additionally, Mr. and Mrs. Horst have complied with the administrative requirements of Fla. Stat. § 768.28 by submitting the required notices to the Sheriff and the Department of Insurance in a timely manner.

43. At all times relevant, the Sheriff owed Mr. Horst a duty to provide medication, medical care, adequate bedding, and/or non-excessive bail to Mr. Horst.

44. The Sheriff breached its duty to provide medication, medical care, adequate bedding, and/or non-excessive bail to Mr. Horst.

45. It was reasonably foreseeable that if the Sheriff breached its duty, Mr. Horst would be harmed.

46. The Sheriff's breach of duty was the proximate cause of Mr. Horst's injuries.

47. Because of the Sheriff's negligence regarding Mr. Horst, Mr. Horst has been grievously injured and has suffered damages, including severe physical pain and suffering, permanent disability, economic damages, severe mental anguish and emotional distress, loss of capacity to enjoy life, loss of liberty, loss of dignity, costs, and attorney fees

48. Mr. Horst demands all relief that is just and equitable, including compensatory damages and costs, of this action.

## COUNT 4. FALSE IMPRISONMENT

49. Mr. Horst realleges Paragraphs 27 through 31, and states additionally or alternatively:

50. Additionally, Mr. and Mrs. Horst have complied with the administrative requirements of Fla. Stat. § 768.28 by submitting the required notices to the Sheriff and the Department of Insurance in a timely manner.

51. When Mrs. Horst attempted to post bail for Mr. Horst on May 19, 2006, and jail personnel changed his name and Social Security number to prolong his incarceration, the Sheriff no longer had the legal authority to imprison Mr. Horst.

52. From May 19, 2006, through May, 26, 2006, Mr. Horst was falsely imprisoned by the Sheriff.

53. Because of the Sheriff's false imprisonment of Mr. Horst, Mr. Horst has been grievously injured and has suffered damages, including severe physical pain and suffering, permanent disability, economic damages, severe mental anguish and emotional distress, loss of capacity to enjoy life, loss of liberty, loss of dignity, costs, and attorney fees.

54. Mr. Horst demands all relief that is just and equitable, including compensatory damages and costs, of this action.

### COUNT 5. LOSS OF CONSORTIUM

55. Additionally, Mr. and Mrs. Horst have complied with the administrative requirements of Fla. Stat. § 768.28 by submitting the required notices to the Sheriff and the Department of Insurance in a timely manner.

56. At all times relevant, a valid marriage existed between Mr. Horst and Mrs. Horst.

57. The Sheriff's unlawful actions and/or omissions as alleged in the Counts above inflicted severe pain and suffering, severe emotional distress and mental anguish, and permanent disability on Mr. Horst, proximately causing Mrs. Horst's loss and impairment of the companionship, fellowship, company, cooperation, and aid of Mr. Horst.

58. The Sheriff's unlawful actions and/or omissions as alleged in the Counts above inflicted severe pain and suffering, severe emotional distress and mental anguish, and permanent disability on Mr. Horst, proximately causing Mrs. Horst's loss and impairment of the love, sexual relations, affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance necessary to her marriage with Mr. Horst.

59. As a result of the Sheriff's unlawful actions and/or omissions, Mrs. Horst suffered a loss of consortium with her husband, and was thereby injured and suffered damages.

60. Mrs. Horst requests all relief that is just and equitable, including compensatory damages and the costs of this action.

### DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury on all issues so triable.

### VERIFICATIONS

Pursuant to Florida Statute § 92.525 and under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

SIGNED AND DATED this 13th day of March, 2007, by:

_____
Robert Thomas Horst

Pursuant to Florida Statute § 92.525 and under penalty of perjury, I declare that I have read the foregoing document and that the facts stated in Paragraphs 4, 28-29, and 54 through 58 above are true.

SIGNED AND DATED this 13th day of March, 2007, by:

_____
Dawn Horst

Respectfully submitted by:

*[signature: Mark Tietig]*

Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-8942
mt@tietig.com
Attorney for Plaintiffs

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   **Broward**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Tietig & Tietig, PA, 6065 S. Tropical Trail, Merritt Island, FL 32952
321-452-9944

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
U.S.C. 1983
Brief description of cause:
Deliberate Indifference to Medical Needs

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____