**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT THOMAS HORST,**
**DAWN HORST,**

**Plaintiffs,**

**-vs-** **Case No. 6:07-cv-612-Orl-19KRS**

**BREVARD COUNTY SHERIFF JACK PARKER, ARMOR CORRECTIONAL HEALTH SERVICES, INC.**

**Defendant.**

---

# ORDER

This case comes before the Court on the following:

1. Defendant Armor Correctional Health Services, Inc.'s Motion to Dismiss Counts VI and VII of the Second Amended Complaint and Incorporated Memorandum of Law in Support Thereof (Doc. No. 26, filed Oct. 17, 2007); and

2. Plaintiffs Robert Thomas Horst and Dawn Horst's Response to Defendant Armor's Motion to Dismiss Counts VI and VII of the Second Amended Complaint (Doc. No. 29, filed Oct. 22, 2007).

## Background and Procedural History

Plaintiffs' Amended Complaint was previously dismissed by this Court on July 6, 2007. (Doc. No. 15). Thereafter, Plaintiffs filed a Second Amended Complaint on September 14, 2007, in which Plaintiffs added Armor Correctional Health Services, Inc. ("Armor") as a Defendant. (Doc. No. 24).

The following allegations are taken from Plaintiffs' Second Amended Complaint. (Doc. No. 24). Plaintiff Robert Thomas Horst ("Mr. Horst") was a pre-trial detainee with Brevard County Jail on or about May 17, 2006. (*Id*. at ¶ 7). When Mr. Horst was booked, he informed Defendants' personnel that he suffered from multiple medical conditions, including Reflex Sympathetic Dystrophy (RSD) and hypertension, which required him to take specific medications prescribed by his physicians. (*Id*.) During the time he was incarcerated, Mr. Horst and his wife, Dawn Horst ("Mrs. Horst"), repeatedly requested that Defendants' personnel provide Mr. Horst with access to proper medical care and prescribed medications. (*Id*. at ¶ 8). However, Defendants did not provide Mr. Horst with access to medical care or with his medications. (*Id*.) Furthermore, Defendants' personnel did not provide Mr. Horst with adequate bedding despite Mr. Horst's repeated complaints that "being forced to sleep on the cold floor of his cell would exacerbate his medical problems." (*Id*. at ¶¶ 10, 11).

Plaintiffs assert seven causes of action in their Second Amended Complaint as a result of the aforementioned behavior. (*See* Doc. No. 24). Armor filed a Motion to Dismiss Counts VI and VII of Plaintiffs' Second Amended Complaint on October 17, 2007. (Doc. No. 26). In Count VI, Plaintiffs allege that both Defendants were negligent in depriving Mr. Horst of access to medical care. (Doc. No. 24, ¶¶ 68-74). Specifically, in Count VI Plaintiffs state that "Defendants breached their duty to provide adequate access to medical care, including proper medication and bedding, to Mr. Horst." (*Id*. at ¶ 70). Finally, in Count VII, Mrs. Horst asserts a claim for loss of consortium as a result of the injuries her husband suffered. (*Id*. at ¶¶ 75-81).

In its motion, Armor raises the following arguments. First, Armor contends that Count VI of Plaintiffs' Second Amended Complaint is a claim for medical negligence and must be dismissed

as a result of Plaintiffs' failure to follow the State of Florida's medical malpractice presuit screening requirements, codified in Fla. Stat. § 766.106(2). (*Id*. at pp. 2-4). Armor's second contention is that Count VII, Mrs. Horst's claim for loss of consortium, must be dismissed because it is a derivative claim of Count VI. (*Id*. at p. 4). The Court will analyze each of these arguments based on the allegations in the Second Amended Complaint.

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 12(b); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

**A. Count VI - Simple Negligence**

Claims for medical negligence or medical malpractice are subject to the presuit screening requirements of Florida Statutes chapter 766. *See* Fla. Stat. 766.106(2)(a); *Corbo v. Garcia*, 949 So. 2d 366, 368 (Fla. 2d DCA 2007). Florida Statute § 766.106(1)(a) defines a claim for "medical negligence" or "medical malpractice" as "a claim arising out of the rendering of, or the failure to render, medical care or services." *J.B. v. Sacred Heart Hosp.*, 635 So. 2d 945, 948-49 (Fla. 1994). In order to qualify as a medical malpractice claim, the wrongful act alleged "must be directly related

to the improper application of medical services and the use of professional judgment or skill." *Quintanilla v. Coral Gables Hosp., Inc.*, 941 So. 2d 468, 469 (Fla. 3d DCA 2006) (citing *Lynn v. Mount Sinai Med. Ctr., Inc.*, 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997)). Furthermore, the alleged injury "must be a direct result of receiving medical care or treatment by the healthcare provider." *Id*. (citing *Goldman v. Halifax Med. Ctr., Inc.*, 662 So. 2d 367, 371 (Fla. 5th DCA 1995)). A plaintiff must follow the presuit screening requirements of Florida Statutes chapter 766 in order to rely on the medical negligence standard of care in proving his or her case. *Fassy v. Crowley*, 884 So. 2d 359, 364 (Fla. 2d DCA 2004). However, a plaintiff is not barred from asserting an ordinary negligence claim as long as he or she does not rely on the medical negligence standard of care. *Feifer v. Galen of Fla., Inc.*, 685 So. 2d 882, 885 (Fla. 2d DCA 1996).

The central question in this matter is whether Mr. Horst has alleged facts constituting ordinary negligence without relying on whether Armor breached its professional standard of care. *See Corbo*, 949 So. 2d at 370 (Plaintiff could not show negligence without showing defendants were negligent in their medical treatment of plaintiff; therefore, plaintiff's claim was one for medical negligence and subject to the presuit screening requirements of chapter 766).

Under certain circumstances, a plaintiff may have a cognizable claim for ordinary negligence in conjunction with his or her medical treatment. *See, e.g., Quintanilla*, 941 So. 2d at 469-70 (Plaintiff's simple negligence claim arising out of injuries sustained from nurse spilling hot tea on him was not a claim for medical negligence because plaintiff's injury was not a direct result of receiving medical care and there was no medical negligence standard of care for serving a cup of hot tea); *Tenet St. Mary's Inc. v. Serratore*, 869 So. 2d 729, 730-31 (Fla. 4th DCA 2004) (Plaintiff's claim for simple negligence arising out of defendant medical center's employee negligently kicking

plaintiff's foot was not one for medical negligence because it did not arise out of the receiving of medical care or require plaintiff to prove that defendant's employee deviated from an accepted standard of medical care); *Lake Shore Hosp., Inc. v. Clarke*, 768 So. 2d 1251, 1251-52 (Fla. 1st DCA 2000) (Plaintiff's negligence action for injuries suffered from falling while walking from her hospital bed to the bathroom was not an action for medical negligence because plaintiff did not allege a breach of a professional standard of care). However, the allegations of Mr. Horst's Second Amended Complaint indicate that his claim is properly construed as one for medical negligence because he contends that Armor failed to provide him proper medical care. For instance, Mr. Horst alleges the following: (1) "Despite repeated requests to Defendants' personnel . . . he was never given the medical care and medications Defendants' knew Mr. Horst required;" (2) "Because of Defendants' denial of medical care . . . Mr. Horst's medical conditions were exacerbated . . . ;" and (3) "Defendants breached their duty to provide access to proper medical care, including proper medication . . . to Mr. Horst." (Doc. No. 24, ¶¶ 8, 12, 70). Thus, the claim Mr. Horst asserts in Count VI arises out of Armor's failure to render necessary medical care and services.

The decision to provide medical care and medication to a patient requires the exercise of medical judgment and skill. As such, a claim for negligence in failing to provide medical care and medication requires applying the standard of care for medical negligence. *See Bailey v. Prison Health Services, Inc.*, No. 6:07-cv-1205, 2007 U.S. Dist. LEXIS 83456, *2-6 (M.D. Fla. Nov. 9, 2007) (Plaintiff's claim against defendant prison health care provider for failing to provide her with prescribed medications while incarcerated was subject to the medical negligence presuit requirements because it directly related to medical and mental diagnosis, treatment, and care by a healthcare provider and required the application of the prevailing professional standard of care for

a healthcare provider); *Turner v. Foss*, 655 So. 2d 1151, 1152 (Fla. 5th DCA 1995) (Personal Representative's claim against defendant doctor for refusing to render medical care or service to deceased patient by failing to refer patient to a specialist or admit him to a hospital was a claim for medical negligence and subject to presuit notice and screening requirements).

The allegations of Count VI fit within the definition of "medical negligence" set forth in Florida Statutes Section 766.106(1)(a). Because Count VI of Mr. Horst's Complaint asserts a claim for medical negligence, Mr. Horst is required to follow the presuit requirements of chapter 766. These requirements must be met before maintaining a suit for medical negligence. *Univ. of Miami v. Wilson*, 948 So. 2d 774, 776 (Fla. 3d DCA 2006). Because Mr. Horst attempts to cast Count VI of his Second Amended Complaint as a claim for simple negligence, Mr. Horst does not allege he complied with the presuit requirements of chapter 766 for filing a medical negligence claim. Therefore, Count VI of Plaintiffs' Second Amended Complaint must be dismissed.[1] *See Hosp. Corp.*

---

[1] Armor contends that "Plaintiffs' failure to comply with Florida's Medical Malpractice Presuit Screening Requirements is fatal to their claims" and that "Counts 6 and 7 of the Second Amended Complaint should be dismissed with prejudice." (Doc. No. 26, p. 4). However, the failure to allege compliance does not deprive a court of subject matter jurisdiction. *S. Neurosurgical Assoc., P.A. v. Fine*, 591 So. 2d 252, 254 (Fla. 4th DCA 1991) (citing *Hosp. Corp. of Am. v. Lindberg*, 571 So. 2d 446, 447 (Fla. 1990)). If a plaintiff has complied with the requirements but merely fails to allege such compliance, he is typically afforded leave to amend. *Lindberg*, 571 So. 2d at 449 (complaint should be dismissed with leave to amend if plaintiff serves presuit notice at the same time complaint is filed). Additionally, if a plaintiff has not complied with the presuit requirements, he is generally awarded leave to amend in order to comply with the presuit requirement provided that the two-year limitations period for initiating suit has not run. *S. Neurosurgical Assoc., P.A.*, 591 So. 2d at 255. The Second Amended Complaint does not reference the presuit requirements in any way. Based on the other allegations, there is no basis to conclude that the statute of limitations has run in the instant case. Therefore, any dismissal should be without prejudice. If Plaintiffs decide to amend their Complaint, they can comply with the presuit requirements of chapter 766 or attempt to reassert a cognizable simple negligence claim.

*of Am. v. Lindberg*, 571 So. 2d 446, 449 (Fla. 1990) (in order to assert a medical negligence claim, a plaintiff must allege that he complied with Florida's presuit requirements).

**B. Count VII - Loss of Consortium**

A tort of a third person which causes personal injury to a married person gives rise to a cause of action for loss of consortium to the married person's spouse. *Busby v. Winn & Lovett Miami, Inc.*, 80 So. 2d 675, 676 (Fla. 1955). While a spouse's loss of consortium claim is a separate and distinct cause of action against a defendant, it is also a derivative cause of action which cannot exist without a primary cause of action by the injured spouse against the same defendant. *See Gates v. Foley*, 247 So. 2d 40, 45 (Fla. 1971). Although Count VI of Plaintiffs' Second Amended Complaint is dismissed, Mr. Horst still has a Section 1983 claim pending against Armor for deliberate indifference to his medical needs. *See* (Doc. No. 24, ¶¶ 1-26). Mrs. Horst's loss of consortium claim can be construed as a derivative of Mr. Horst's Section 1983 claim against Armor. *See Davis v. Williams,* 451 F.3d 759, 768 (11th Cir. 2006) (reversing dismissal of derivative loss of consortium claim because underlying Section 1983 claim withstood summary judgment). Therefore, Armor's Motion to Dismiss Count VII of Plaintiffs' Second Amended Complaint is denied.

**Conclusion**

The Court **GRANTS** Defendant Armor Correctional Health Services, Inc.'s Motion to Dismiss Count VI and **DENIES** Defendant's Motion to Dismiss Count VII. The Court grants Plaintiffs ten (10) days leave to file a Third Amended Complaint that comports with the provisions of this Order.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 29, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record