UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT THOMAS HORST,
DAWN HORST,**

              Plaintiffs,

-vs-                                                        Case No.  6:07-cv-612-Orl-19KRS

**BREVARD COUNTY SHERIFF
JACK PARKER, ARMOR
CORRECTIONAL HEALTH
SERVICES, INC.**

              **Defendant.**
_____

# ORDER

This case comes before the Court on the following:

1. Armor Correctional Health Services, Inc.'s Motion to Dismiss Count 6 of the Third Amended Complaint and Incorporated Memorandum of Law in Support Thereof (Doc. No. 39, filed Dec. 14, 2007); and

2. Plaintiffs Response to Defendant Armor's Motion to Dismiss Count VI of the Third Amended Complaint (Doc. No. 41, filed Dec. 18, 2007).

**Background and Procedural History**

Plaintiffs' Amended Complaint was previously dismissed by this Court on July 6, 2007. (Doc. No. 15). Thereafter, Plaintiffs filed a Second Amended Complaint on September 14, 2007, in which Plaintiffs added Armor Correctional Health Services, Inc. ("Armor") as a Defendant. (Doc. No. 24). On November 29, 2007, the Court dismissed Count VI of Plaintiffs' Second Amended Complaint, Plaintiff's claim for simple negligence, holding that Plaintiffs claim was actually one for

medical negligence and, therefore, subject to dismissal for failure to comply with Florida's presuit requirements for medical negligence claims. (Doc. No. 35). On November 30, 2007, Plaintiffs filed a Third Amended Complaint which reasserts Count VI, their claim for simple negligence. (Doc. No. 36).

The following allegations are taken from Plaintiffs' Third Amended Complaint. (Doc. No. 36). Plaintiff Robert Thomas Horst ("Mr. Horst") was a pre-trial detainee with Brevard County Jail on or about May 17, 2006. (*Id*. at ¶ 7). When Mr. Horst was booked, he informed Defendants' personnel that he suffered from multiple medical conditions, including Reflex Sympathetic Dystrophy (RSD) and hypertension, which required him to take specific medications prescribed by his physicians. (*Id*.) During the time he was incarcerated, Mr. Horst and his wife, Dawn Horst ("Mrs. Horst"), repeatedly requested that Defendants' personnel provide Mr. Horst with access to proper medical care and prescribed medications. (*Id*. at ¶ 8). However, Defendants deliberately ignored Plaintiffs' requests. (*Id*.)

Plaintiffs assert seven causes of action in their Second Amended Complaint as a result of the aforementioned behavior. (*See* Doc. No. 36). Armor filed a Motion to Dismiss Counts VI of Plaintiffs' Third Amended Complaint alleging that the claim must be dismissed for failure to comply with Florida's presuit requirements for medical negligence. (Doc. No. 39). In Count VI, Plaintiffs allege that both Defendants were negligent in depriving Mr. Horst of access to medical care. (Doc. No. 36, ¶¶ 68-74). Specifically, in Count VI Plaintiffs state that "Defendants breached their duty to provide Mr. Horst adequate access to medical care." (*Id*. at ¶ 70).

**Standard of Review**

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 12(d); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

**Analysis**

As the Court noted in its previous order:

> Claims for medical negligence or medical malpractice are subject to the presuit screening requirements of Florida Statutes chapter 766. *See* Fla. Stat. 766.106(2)(a); *Corbo v. Garcia*, 949 So. 2d 366, 368 (Fla. 2d DCA 2007). Florida Statute § 766.106(1)(a) defines a claim for "medical negligence" or "medical malpractice" as "a claim arising out of the rendering of, or the failure to render, medical care or services." *J.B. v. Sacred Heart Hosp.*, 635 So. 2d 945, 948-49 (Fla. 1994). In order to qualify as a medical malpractice claim, the wrongful act alleged "must be directly related to the improper application of medical services and the use of professional judgment or skill." *Quintanilla v. Coral Gables Hosp., Inc.*, 941 So. 2d 468, 469 (Fla. 3d DCA 2006) (citing *Lynn v. Mount Sinai Med. Ctr., Inc.*, 692 So. 2d 1002, 1003 (Fla. 3d DCA 1997)). Furthermore, the alleged injury "must be a direct result of receiving medical care or treatment by the healthcare provider." *Id.* (citing *Goldman v. Halifax Med. Ctr., Inc.*, 662 So. 2d 367, 371 (Fla. 5th DCA 1995)). A plaintiff must follow the presuit screening requirements of Florida Statutes chapter 766 in order to rely on the medical negligence standard of care in proving his or her case. *Fassy v. Crowley*, 884 So. 2d 359, 364 (Fla. 2d DCA 2004). However, a plaintiff is not barred from asserting an ordinary negligence claim as long as he or she does not rely on the medical negligence standard of care. *Feifer v. Galen of Fla., Inc.*, 685 So. 2d 882, 885 (Fla. 2d DCA 1996).
> . . .
> Under certain circumstances, a plaintiff may have a cognizable claim for ordinary negligence in conjunction with his or her medical treatment. *See, e.g.,*

> *Quintanilla*, 941 So. 2d at 469-70 (Plaintiff's simple negligence claim arising out of injuries sustained from nurse spilling hot tea on him was not a claim for medical negligence because plaintiff's injury was not a direct result of receiving medical care and there was no medical negligence standard of care for serving a cup of hot tea); *Tenet St. Mary's Inc. v. Serratore*, 869 So. 2d 729, 730-31 (Fla. 4th DCA 2004) (Plaintiff's claim for simple negligence arising out of defendant medical center's employee negligently kicking plaintiff's foot was not one for medical negligence because it did not arise out of the receiving of medical care or require plaintiff to prove that defendant's employee deviated from an accepted standard of medical care); *Lake Shore Hosp., Inc. v. Clarke*, 768 So. 2d 1251, 1251-52 (Fla. 1st DCA 2000) (Plaintiff's negligence action for injuries suffered from falling while walking from her hospital bed to the bathroom was not an action for medical negligence because plaintiff did not allege a breach of a professional standard of care).

(Doc. No. 35, pp. 3-5). Therefore, the Court must determine whether the Third Amended Complaint alleges facts constituting ordinary negligence without relying on the professional standard of care. *See Corbo*, 949 So. 2d at 370 (Plaintiff could not show negligence without showing defendants were negligent in their medical treatment of plaintiff; therefore, plaintiff's claim was one for medical negligence and subject to the presuit screening requirements of chapter 766).

The substantive allegations of Count VI of the Third Amended Complaint are as follows:

> 7. On or about May 17, 2006, Mr. Horst was booked into and incarcerated at the jail; and, at the time of his booking, Mr. Horst informed Defendants' personnel that he, Mr. Horst, suffered from serious, chronic, and very painful medical conditions, including Reflex Sympathetic Dystrophy (RSD) and hypertension; and, Mr. Horst informed Defendants' personnel that his serious medical needs required that he take medications as prescribed by his physicians.
>
> 8. Despite repeated pleas to Defendants' personnel by Mr. Horst and his wife for Mr. Horst to be provided with access to proper medical care and his prescribed medications during the approximately seven days Mr. Horst was incarcerated at the Jail, Mr. and Mrs. Horst's pleas for access to medical care were deliberately and unreasonably ignored, denied, and/or delayed.
>
> . . .
>
> 69. At all times while Mr. Horst was in the jail, Defendants owed Mr. Horst a duty to provide Mr. Horst with access to proper care for Mr. Horst's medical needs.

>   70.  Defendants breached their duty to provide Mr. Horst adequate access to medical care.
>
>   71.  It was reasonably foreseeable that if Defendants breached their duty to provide such access, Mr. Horst would be harmed; and Mr. Horst was harmed.
>
>   72.  Defendants' breach of duty was the proximate cause of Mr. Horst's physical and other injuries and harm.
>
>   73.  Because of Defendants' negligence regarding Mr. Horst, Mr. Horst has been grievously injured and has suffered damages, including severe physical pain and suffering, permanent disability, economic damages, severe mental anguish and emotional distress, loss of capacity to enjoy life, loss of liberty, loss of dignity, and costs of this action.

(Doc. No. 36, ¶¶ 7, 8, 69-73).

The Court previously dismissed Count VI of Plaintiffs' Second Amended Complaint because it was based on Armor's failure to provide Mr. Horst his prescribed medications and thus, arose "out of Armor's failure to render necessary medical care and services." (Doc. No. 35, p. 5). Count VI of Plaintiffs Third Amended Complaint eliminates all references to Armor's failure to provide medical care and asserts that Armor deprived Mr. Horst of access to medical care. (Doc. No. 36, ¶¶ 68-74). Although Plaintiffs may be attempting to recast their medical negligence claim as one for simple negligence, the Court must draw all inferences in favor of Plaintiffs. Therefore, the Court cannot conclude that Armor's failure to provide Mr. Horst access to medical care would require application of the medical negligence standard of care. Because Plaintiffs' claim could be premised upon the principles of ordinary negligence, Armor's Motion to Dismiss must be denied.[1]  However,

---

[1]  Plaintiffs are subject to the requirements of Federal Rule of Civil Procedure 11(b). In filing their Third Amended Complaint with the Court, Plaintiffs have warranted that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). If the Court finds that Plaintiffs' simple negligence claim is entirely without support and
(continued...)

if the evidence indicates that Plaintiffs' claim for simple negligence is actually one for medical negligence, then Armor may file a proper motion reasserting its argument at that time.

### Conclusion

Based on the foregoing, Armor's Motion to Dismiss (Doc. No. 39) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 20, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[1](...continued)
merely is filed to avoid Florida's presuit requirements for medical negligence claims, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).